IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| TAOFEEK QUADRI, REGINALD WEBSTER, GERALD W. TAVE, RORY HICKS, JOHN TAYLOR | § § § § | |
| V. | § § | No. 5:14CV1 |
| ERIC H. HOLDER JR., Attorney General of the United States, CHUCK HAGEL, Secretary, U.S. Department of Defense, and JOHN M. MCHUGH, Secretary, U.S. Department of the Army | § § § § § § | |

## MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION

The above-entitled and numbered civil action was referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the magistrate judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Plaintiff filed objections to the Report and Recommendation. The Court has conducted a *de novo* review of the magistrate judge's findings and conclusions.

Plaintiff Taofeek Quadri ("Quadri"), proceeding *pro se*, filed this case against John M. McHugh, Secretary of the U.S. Department of the Army, Eric H. Holder, Jr., Attorney General of the United States, and Chuck Hagel, Secretary, U.S. Department of Defense ("Defendants") under 42 U.S.C. § 2000e, *et seq.*, commonly referred to as Title VII of the Civil Rights Act of 1964 ("Title VII"). In his original complaint, Quadri asserted "acts of reprisal, discrimination, abuse, harassment, hate, high hostile environment via command group and management, gross mismanagement, nepotism, intimidation, prohibited personnel practices, etcetera on RED RIVER ARMY DEPOT." (Dkt. No. 1 at 2). According to Quadri, the Agency discriminated and retaliated against him by

revoking or suspending his security clearance which interfered with his United States Army Reserve mission and the mission of the United States Government. *Id*. at pgs. 9-10.

Quadri later filed an Amended Complaint, along with *pro se* Plaintiffs Reginald V. Webster, Gerald Tave, Rory Hicks, and John Taylor. (Dkt. No.7). Plaintiffs Webster, Tave, Hicks, and Taylor's names are included in the amended complaint; there are vague references to them in the body of the amended complaint; and they signed the amended complaint. Defendants moved to dismiss these plaintiffs' claims for failure to state a claim.

Defendants also moved to dismiss Quadri's claims, asserting Quadri's claim based on a revocation of a security clearance that was followed by removal from federal employment cannot be reviewed pursuant to *Department of Navy v. Egan*, 484 U.S. 518, 526-31 (1988). According to Defendants, Quadri also failed to exhaust his discrimination claims, and those claims should be dismissed for lack of jurisdiction.

## **REPORT AND RECOMMENDATION**

On January 23, 2015, the magistrate judge issued a Report and Recommendation, recommending Defendants' motion to dismiss be granted and that Plaintiffs' case be dismissed without prejudice. Before considering the jurisdictional issue raised by Defendants, the magistrate judge recommended Defendants' motion to dismiss the four newly-named employees Webster, Tave, Hicks, and Taylor's claims be dismissed. According to the magistrate judge, the allegations in the amended complaint continue to focus on Quadri, and the names of Plaintiffs Webster, Tave, Hicks, and Taylor appear in the caption of the amended complaint, on page two of the amended complaint in an introductory paragraph, and on the signature pages of the complaint—but nowhere else. Because Plaintiffs Webster, Tave, Hicks and Taylor have failed to state any claim upon which relief

2

could be granted, the magistrate judge concluded their attempted claims (if any) should be dismissed from the case, and the Court should dismiss them as parties.

According to the magistrate judge, it would be futile to allow these newly-named Plaintiffs to replead because the Court lacks subject matter jurisdiction over Plaintiffs' (including Quadri's) Title VII claims. Specifically, the magistrate judge held Plaintiffs' claims of discrimination and retaliation are based on the revocation of a security clearance, and these claims are nonjusticiable under *Egan*.

Although Plaintiffs' response to the motion to dismiss mentions the proper remedy is for the Court to grant leave to replead, the magistrate judge disagreed, finding it unlikely Plaintiffs could cure the substantial jurisdictional problems with the amended complaint. Importantly, Quadri had already been allowed to file one amended complaint, the essence of which the magistrate judge concluded was the revocation of the Government's decision to revoke his security clearance. According to the magistrate judge, Quadri had not shown how he could or would potentially overcome the barrier to his potential claim raised by the *Egan* case, nor had he represented he had exhausted his appeal before the Merit Systems Protection Board ("MSPB").[1] Further noting Plaintiffs Webster, Tave, Hicks, and Taylor had not shown any indication of how they would potentially state a plausible claim, the magistrate judge concluded any attempted further amendment in this case would be futile. Finding the Court lacks subject matter jurisdiction to review Plaintiffs' Title VII

---

[1] The magistrate judge noted in a footnote that even if the Court had subject matter jurisdiction over Quadri's Title VII claims, Defendants also asserted Quadri's claims are subject to dismissal because he had not yet exhausted his administrative remedies. According to Defendants, Quadri elected to exhaust his discrimination claims via a "mixed case appeal" to the MSPB. That appeal was filed in February of 2014, and as of the date of Defendants' motion, the MSPB had not yet made a final determination on his appeal.

discrimination and retaliation claims, the magistrate judge recommended Plaintiffs' claims be dismissed without prejudice.

## OBJECTIONS

Plaintiffs filed objections to the Report and Recommendation, asserting the magistrate judge failed to consider the following claims: violation of laws, rules, and regulations/reprisal (5 U.S.C. § 1221); discrimination; abuse; harassment; hate; high hostile environment via command group and management; abuse of authority; gross mismanagement; gross waste of funds; high-nepotism; intimidation/reprisal (3 U.S.C. §417); and prohibited personnel practices at RRAD (5 U.S.C. §2302).[2] According to Plaintiffs, since they have disclosed gross mismanagement at RRAD, they have been attacked by continuous retaliation in every possible way, including interference with some of Plaintiffs' jobs. (Dkt. No. 27 at 3).

Plaintiffs assert they spent a reasonable amount of time preparing documents for this lawsuit, and they again argue the proper remedy for the Court is to grant Plaintiffs leave to replead a second time. According to Plaintiffs, they only need to provide a short and plain statement in order to state a cause of action. Plaintiffs attach a proposed second amended complaint to the objections, wherein they purport to more specifically allege they were discriminated and retaliated against for engaging in activities protected by Title VII and the ADEA. According to Plaintiffs' proposed second amended complaint, they were also subjected to a "hostile and abusive working environment in violation of Title VII, Rehab Act, and the ADEA, et cetera." (Proposed Second Am. Compl., ¶6). Although the proposed second amended complaint uses "plaintiffs," the statements are general

---

[2] Although Plaintiffs Webster, Tave, Hicks, and Taylor's names were included in the typed objections, only Quadri signed the objections.

4

references and do not allege anything specific regarding Plaintiffs Webster, Tave, Hicks, and Taylor.

## *DE NOVO* REVIEW

In the proposed second amended complaint attached to Plaintiffs' objections, Plaintiffs remove the allegations relied upon by the magistrate judge to find the essence of Plaintiffs' complaint is the revocation of Quadri's security clearance. Specifically, Plaintiffs remove the following contained in the amended complaint filed March 14, 2014:

> The Agency has provided no evidence to show that it's discriminatory against Complainant was not motivated by retaliation. The Agency's actions were made on subjective determinations and as such, it has to produce evidence to substantiate the basis for its actions. . . . Additionally, the Agency's failure to produce any evidence to support its contentions raises the inference that if produced, the evidence would have been unfavorable to it. Therefore, the Complainant should be afforded the opportunity to question the manager on these conclusory statements and as such Agency **to intentional discriminate and retaliating by revoked and/or suspend plaintiff's security clearance** which interfering with my United States Army Reserve mission and the mission of United States Government was not appropriate.

(Docket Entry #7 at pg. 8).

Quadri has already been allowed one amendment, at which time he added as plaintiffs Webster, Tave, Hicks, and Taylor. Plaintiffs now seek, through their objections, to amend again, changing the substance of their complaint from discrimination and retaliation over revocation of security clearance to general allegations of discrimination, retaliation, and hostile work environment, similar to the claims already raised by Quadri and addressed by the Court in Cause No. 5:14cv35.[3] On January 7, 2015, District Judge Schneider adopted the Report and

---

[3] In his proposed first amended complaint in Cause No.5:14cv35, considered by the magistrate judge in recommending the defendant's motion to dismiss for failure to state a claim be granted, Quadri alleged harassment and hostile work environment in violation of Title VII, the ADEA, and the Rehabilitation Act as well as racial discrimination for having been required to sign in and out on a sheet of paper on the wall. In his proposed second amended complaint, attached to

5

Recommendation of the Magistrate Judge as the findings and conclusions of the Court and dismissed Quadri's case with prejudice.

Just like he did in related Cause No. 5:14cv35, Quadri has taken every opportunity to amend in an attempt to avoid dismissal, even to the point of changing the essence of his complaint. Even considering Plaintiffs' proposed second amended complaint (attached to his objections), the Court finds Plaintiffs' case should be dismissed for failure to exhaust. Before a plaintiff may pursue Title VII claims in federal court, he must first exhaust all available administrative remedies. See *Taylor v. Books A Million,* 296 F.3d 376, 378–79 (5th Cir. 2002). A plaintiff has exhausted the available administrative remedies once he: (1) files a timely complaint with the EEOC, (2) the agency dismisses the claim, and (3) the agency informs him of his right to sue in federal court. *See Hall v. Cont'l Airlines, Inc.,* 252 F. App'x 650, 653 (5th Cir.2007). "Once the EEOC has issued a right-to-sue letter, an individual has ninety days in which to file a civil action in federal court." *Id.* This ninety-day limitation period is strictly construed. *Id.*

In this case, there is no evidence Plaintiffs followed through with any of the procedures required to exhaust his administrative remedies. *Fitzgerald v. Secretary, U.S. Department of Veterans Affairs*, 121 F.3d 203,206 (5th Cir.1997). Plaintiffs do not even address exhaustion in the objections. Accordingly, to the extent the Court considers the allegations raised in Plaintiffs' proposed second amended complaint, the Court lacks jurisdiction to entertain Plaintiffs' claims.

Plaintiffs' objections are without merit. The Court is of the opinion that the findings and

---

his objections to the Report and Recommendation, Quadri more specifically alleged he was discriminated and retaliated against in every possible way, including sabotaging his security clearance because of his race and for having complained about such discrimination in 2011. (Cause No.5:14cv35, Dkt. No. 15 at pg. 3).

conclusions of the magistrate judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court.

Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Dismiss (Dkt. No. 18) is **GRANTED.** It is further

**ORDERED** that Plaintiffs' above-entitled and numbered cause of action is **DISMISSED WITHOUT PREJUDICE.**

**So ORDERED and SIGNED this 26th day of February, 2015.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE